CENTRAL TRUST CO. OF NEW YORK v. MANHATTAN TRUST CO. et al.

(Supreme Court, Appellate Division, First Department. June 12, 1903.)

1. TRUSTEES—ACTION AGAINST TRUSTEE—PARTIES—CESTUIS QUE TRUSTENT—COMPULSORY JOINDER.

Where, in an action to recover certain stock held by defendant as trustee, the Court of Appeals on a prior appeal had held that plaintiff was entitled to such stock, except as against defendant's cestuis que trustent, who were bona fide purchasers for value, without notice of plaintiff's rights, defendant trustee was not entitled to an order requiring that such cestuis que trustent be made parties and establish their claims in such action, since defendant, as trustee, would be fully protected by giving notice to its cestuis que trustent of the commencement, object, and pendency of the action.

Ingraham, J., dissenting.

Appeal from Special Term, New York County.

Action by the Central Trust Company of New York, as trustee, against the Manhattan Trust Company and others. From an order granting defendant trust company's motion to make Walter Kirkpatrick Brice, administrator de bonis non of Calvin S. Brice, deceased, and the Ætna Powder Company, parties defendant, provided they voluntarily appeared and adopted the trust company's answer, and, on their failure so to do, denying such motion, defendant trust company appeals. Affirmed.

Argued before McLAUGHLIN, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

John L. Cadwalader, for appellant.
Arthur H. Van Brunt, for respondents.

LAUGHLIN, J. The plaintiff is the trustee under a mortgage executed by the West India Improvement Company to secure an issue of bonds of that company aggregating $1,000,000. The West India Improvement Company was organized to promote the Jamaica Rail-

way, and, after executing the trust mortgage to the plaintiff, it made an assignment to the appellant of 53,000 shares of stock of the Jamaica Railway Company, and first mortgage bonds to the extent of £30,000, and second mortgage bonds to the extent of £100,000, to secure notes of the improvement company aggregating $1,000,000. The plaintiff, claiming that these shares of stock and bonds are covered by its trust mortgage, brings this action to set aside their assignment to the appellant. When the mortgage was executed to the plaintiff, the securities were not in the possession of the improvement company, but were pledged as security for the performance of certain work by that company. When the securities came into possession of the improvement company, instead of delivering them to the plaintiff, it assigned them to the appellant. The issues were referred and tried, and the decision of the referee was reviewed in this court and by the Court of Appeals, where a new trial was granted. Central Trust Co. v. West India Improvement Co., 48 App. Div. 147, 63 N. Y. Supp. 853; Id., 169 N. Y. 314, 62 N. E. 387. The effect of the decision of the Court of Appeals is that, as between the parties, these securities were covered by the trust mortgage held by the plaintiff, but that the appellant is entitled to hold them as security for the payment of such of the notes of the improvement company as were purchased in good faith and for value, in reliance thereon, after the delivery of the securities to the appellant. Upon the trial before the referee, the purchasers or holders of some of these notes were made parties. Some of the notes are held by the administrator of the estate of Calvin S. Brice, and others by the Ætna Powder Company. It does not appear whether or not they are bona fide holders for value, and within the protection of the decision of the Court of Appeals. The plaintiff insists that they are not necessary parties. It is not clear that they are. If they purchased the notes for value, on the faith of the assignment, after the delivery of the securities to the appellant, then they would be proper parties, and the appellant would be authorized to hold the securities for the payment of the notes held by them. The object of the action is to reach the securities which are in the possession of the appellant as trustee. The trustee will be protected by giving notice to the holders of these notes of the commencement, object, and pendency of the action. Then, if the holders of the notes claim to have purchased relying upon this assignment as security, they may present their evidence through their trustee, or they may avail themselves of the benefit of the order made by the court, which affords them an opportunity of voluntarily becoming parties to this action. Whether they do or not, the adjudication then will protect the trustee. If it appear that these parties upon the faith of the assignment after the delivery of the securities to were or claimed to be bona fide holders for value, having purchased the appellant, that would present quite a different question, but this is not shown. We are therefore of opinion that at this stage of the litigation the court was justified in refusing to direct that the plaintiff bring in the holders of these notes as parties defendant, otherwise than by affording them an opportunity to come in, as was done.

It follows that the order should be affirmed, with $10 costs and disbursements.

PATTERSON, O'BRIEN, and McLAUGHLIN, JJ., concur.

INGRAHAM, J. (dissenting). I think the persons sought to be brought in are necessary parties to a complete determination of the controversy between the plaintiff and the Manhattan Trust Company, as trustees, and that, under section 452 of the Code of Civil Procedure, the court should have directed them to be brought in as parties to the action. Under the decision of the Court of Appeals (169 N. Y. 314, 62 N. E. 387), the Manhattan Trust Company, as trustee, is not entitled to the possession of this property as against the plaintiff, unless the holders of obligations, who acquired them for a valuable consideration, after the delivery to the Manhattan Trust Company of the property to secure the payment of such obligations, and who relied upon such possession when they paid therefor, have acquired rights superior to the plaintiff. The right of each of the holders of these obligations must therefore depend upon his ability to prove that he was a bona fide holder of the obligation for value, relying upon the actual possession of this property by the defendant trustee. For the purpose of determining the right to have the property in the hands of the Manhattan Trust Company applied to the payment of these obligations, and thus to determine the whole controversy, I think the holders of the obligations should be made parties to the action, so that the final judgment could settle the whole controversy as between the holders of these obligations and the plaintiff and the defendants.